Michael S. Devereux  (SBN 225240)
9440 Santa Monica Blvd, Suite 301
Beverly Hills, California  90210
Telephone: (424) 444-0883

Attorneys for Plaintiff, ROBERT CLELAND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CLELAND,<br><br>            PLAINTIFF,<br>                    v.<br><br>COUNTY OF SAN BERNARDINO; SAN BERNARDINO SHERIFF'S DEPARTMENT; DETECTIVE J. GREGORY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; DEPUTY L. STOUT, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; and DOES 1-10;<br><br>            DEFENDANTS. | CASE NO.:<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF<br><br>1. Unlawful Seizure (42 U.S.C. § 1983)<br>2. Excessive Force (42 U.S.C. § 1983)<br>3. Fabrication of Evidence / Due Process (42 U.S.C. § 1983)<br>4. Malicious Prosecution (42 U.S.C. § 1983)<br>5. Municipal Liability (Monell, 42 U.S.C. § 1983)<br>6. Bane Act (Cal. Civ. Code § 52.1)<br>7. False Imprisonment<br>8. Assault and Battery<br>9. Intentional Infliction of Emotional Distress<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Robert Cleland alleges:

1

MICHAEL DEVEREUX, ESQ.

## I. INTRODUCTION

1. This case arises from a law enforcement investigation that abandoned basic principles of fairness and reliability, resulting in the wrongful arrest, prosecution, and use of force against Plaintiff Robert Cleland.

2. The core issue is simple: Defendants chose to pursue Plaintiff despite clear evidence he was not the attacker.

3. On July 18, 2023, an assault occurred in Needles, California. An independent eyewitness described the assailant as a person with long blonde hair. Plaintiff Robert Cleland is bald.

4. That fact alone should have ended any investigation targeting Plaintiff. It did not.

5. Instead, Defendants disregarded this exculpatory evidence and built a case around a victim who initially failed to identify Plaintiff and later changed his story.

6. Weeks after the incident, the victim accused Plaintiff. Then, on the eve of the preliminary hearing, the story changed again: the attacker, the victim claimed, had been wearing a wig.

7. This shifting narrative was not the product of new evidence. It was the product of an investigation determined to reach a predetermined conclusion.

8.  Based on these inconsistent and unreliable statements, Defendants caused an arrest warrant to issue without probable cause.

9.  When Plaintiff was arrested, Defendants deployed a taser against him while he was confined in a crawl space, despite the absence of any immediate threat justifying such force.

10. Defendants then initiated and pursued a serious felony prosecution against Plaintiff, forcing him to endure the loss of liberty and burdens of criminal proceedings.

11. At trial, Plaintiff was acquitted of all charges.

12. This was not a case of mistaken identity based on ambiguous facts. It was a case in which the available evidence pointed away from Plaintiff—and Defendants proceeded anyway.

13. Defendants' conduct violated clearly established constitutional rights.

14. As a direct and proximate result, Plaintiff suffered loss of liberty, physical injury, emotional distress, and reputational harm.

**II. JURISDICTION AND VENUE**

15. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343 because the action arises under 42 U.S.C. § 1983.

16. The Court has supplemental jurisdiction over related state-law claims under 28 U.S.C. § 1367.

3

17. Venue is proper in the Central District of California under 28 U.S.C. § 1391 because the events occurred in San Bernardino County within this District and Defendants reside or are found here.

## III. PARTIES

18. Plaintiff ROBERT CLELAND is an individual residing living in Needles, San Bernardino County, when the incident occurred.

19. Defendant COUNTY OF SAN BERNARDINO is a public entity responsible for policies, customs, practices, training, supervision and discipline of the San Bernardino Sheriff's Department.

20. Defendant SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT is a law enforcement agency of the County.

21. Defendant DEPUTY J. GREGORY was the lead investigator.

22. Defendant DEPUTY L. STOUT and DOE Defendants participated in the arrest and use of force.

23. Defendants acted under color of state law.

## IV. GOVERNMENT CLAIMS COMPLIANCE

24. After acquittal, Plaintiff timely presented a Government Tort Claim to the County pursuant to Government Code §§ 910 et seq.

25. Plaintiff's Government Tort Claim described the incident, identified the County and Sheriff's Department, and asserted constitutional and state-law

MICHAEL DEVEREUX, ESQ.

4

violations; the amount of damages was stated as undetermined but not less than five million dollars.

26. The claim was rejected or deemed rejected.

27. This action is timely.

## V. FACTUAL ALLEGATIONS

28. On July 18, 2023, Robert Ryan was assaulted in Needles, California.

29. At the time, Ryan did not identify Plaintiff as an assailant.

30. An independent eyewitness described the attacker as having long blonde hair.

31. Plaintiff is bald and does not match that description.

32. Despite this, Defendants pursued Plaintiff as a suspect.

33. Weeks later, Ryan changed his story and accused Plaintiff.

34. Immediately prior to the preliminary hearing, Ryan altered his account again, claiming the attacker wore a wig.

35. These inconsistencies were known or should have been known to Defendants.

36. Defendants nevertheless caused an arrest warrant to issue.

37. Plaintiff was arrested on or about October 26, 2023.

38. During the arrest, Plaintiff was hiding in a crawl space.

39. Defendants deployed a taser against Plaintiff without necessity.

40. Plaintiff was forcibly removed and detained.

MICHAEL DEVEREUX, ESQ.

41. Defendants initiated and continued prosecution against Plaintiff.

42. Plaintiff was acquitted of all charges at trial.

43. Defendants' conduct was unreasonable, malicious, and in reckless disregard of Plaintiff's rights.

## VI. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### Unlawful Seizure (42 U.S.C. § 1983)

44. Plaintiff realleges paragraphs 1–43.

45. Defendants caused Plaintiff to be arrested pursuant to a warrant obtained through material misrepresentations and omissions.

46. The warrant was not supported by probable cause. Specifically, Defendants omitted critical exculpatory facts, including:

(a) The victim's initial failure to identify Plaintiff;

(b) An independent eyewitness description of the assailant as having long blonde hair;

(c) Plaintiff is bald and does not match that description;

(d) The victim's identification of Plaintiff occurred weeks later and was inconsistent with earlier statements;

(e) The delayed and inconsistent nature of the victim's later identification.

MICHAEL DEVEREUX, ESQ.

47. Defendants knew, or recklessly disregarded, these inconsistencies and exculpatory facts when seeking and executing the warrant.

48. These omissions were made deliberately or with reckless disregard for the truth.

49. When the omitted facts are considered, the warrant lacked probable cause.

50. No reasonable officer could have believed probable cause existed under these circumstances.

51. It was clearly established at the time that:

- Officers may not obtain a warrant by omitting material exculpatory information; and

- An arrest violates the Fourth Amendment where probable cause is lacking.

52. As a result, Plaintiff was unlawfully seized in violation of the Fourth Amendment.

**SECOND CAUSE OF ACTION**

**Excessive Force (42 U.S.C. § 1983)**

53. Plaintiff realleges paragraphs 1–52.

54. On or about October 26, 2023, Defendants located Plaintiff in a crawl space beneath a residence.

MICHAEL DEVEREUX, ESQ.

55. Plaintiff was contained within the crawl space and did not pose an immediate threat of serious bodily harm to officers or others.

56. Despite this, Defendants deployed a taser against Plaintiff.

57. The use of a taser under these circumstances was objectively unreasonable because:

(a) Plaintiff was confined in a restricted space;

(b) Plaintiff did not present an immediate threat;

(c) Less intrusive means of securing compliance were available.

58. The force used was excessive in violation of the Fourth Amendment.

59. It was clearly established that the use of a taser constitutes significant force and is unlawful where a suspect does not pose an immediate threat of serious harm.

## THIRD CAUSE OF ACTION

### Fabrication of Evidence / Due Process

60. Plaintiff realleges paragraphs 1–59.

61. Defendants deliberately fabricated evidence and/or caused false or misleading evidence to be used against Plaintiff.

62. Specifically, Defendants:

(a) Relied on a witness who initially failed to identify Plaintiff;

MICHAEL DEVEREUX, ESQ.

8

MICHAEL DEVEREUX, ESQ.

(b) Permitted or encouraged the witness to later identify Plaintiff despite contradictory evidence;

(c) Presented or relied upon a newly created or altered statement immediately before the preliminary hearing;

(d) Advanced a new claim that the attacker wore a "wig," which was not part of the original investigation and was inconsistent with prior descriptions.

63. These actions were taken knowingly or with reckless disregard for the truth.

64. The fabricated or manipulated evidence was material and was used to initiate and continue criminal proceedings against Plaintiff.

65. As a direct result, Plaintiff was deprived of liberty without due process of law.

66. It was clearly established at the time that law enforcement officers may not deliberately fabricate evidence or rely on known false or misleading evidence to initiate or continue criminal proceedings.

### FOURTH CAUSE OF ACTION

### Malicious Prosecution

67. Plaintiff realleges paragraphs 1–66.

68. Defendants initiated and continued criminal proceedings against Plaintiff for attempted murder.

9

69. The prosecution was initiated without probable cause for the reasons described above, including the mismatch between Plaintiff's appearance and the eyewitness description, and the inconsistent and evolving statements of the victim.

70. Defendants acted with malice, including by:

(a) Ignoring exculpatory evidence;

(b) Relying on unreliable and shifting witness statements;

(c) Proceeding with charges despite knowing the evidence was insufficient.

71. The criminal proceedings terminated in Plaintiff's favor when he was acquitted at trial.

72. As a result, Plaintiff suffered deprivation of liberty, emotional distress, and other damages.

73. No reasonable officer could have believed that initiating or continuing prosecution based on inconsistent, evolving, and contradicted witness statements satisfied constitutional requirements.

### FIFTH CAUSE OF ACTION

### Monell Liability

74. Plaintiff realleges paragraphs 1–73.

75. The constitutional violations described herein were caused by policies, customs, or practices of Defendant COUNTY OF SAN BERNARDINO.

MICHAEL DEVEREUX, ESQ.

## A. Unconstitutional Policies and Customs

76. At all relevant times, the County of San Bernardino maintained policies, customs or practices including:

(a) Initiating arrests and prosecutions without adequately reconciling exculpatory evidence, including eyewitness descriptions inconsistent with the suspect;

(b) Permitting deputies to rely on inconsistent, evolving, or unreliable witness statements without corroboration;

(c) Failing to ensure accuracy and integrity in warrant applications, including omission of material exculpatory facts;

(d) Allowing or failing to prevent fabrication or manipulation of witness statements, particularly in preparation for court proceedings;

(e) Failing to train deputies regarding probable cause standards and constitutional investigative obligations;

(f) Permitting the use of tasers in situations not involving an immediate threat of harm;

(g) Targeting known individuals in the Needles community based on prior contacts rather than objective evidence. These policies were the moving force behind Plaintiff's unlawful arrest, prosecution, and injuries.

## B. Pattern and Practice

MICHAEL DEVEREUX, ESQ.

77. The above policies and customs were not isolated incidents but were part of a broader pattern and practice within the Sheriff's Department.

78. On information and belief:

(a) Deputies in the Needles station and surrounding areas have repeatedly relied on unreliable or inconsistent witness statements to support arrests;

(b) The Sheriff's Department has a pattern of failing to document or disclose exculpatory evidence in warrant applications;

(c) Deputies have engaged in use of force, including taser deployment, in situations where suspects did not pose an immediate threat;

(d) Complaints of misconduct involving false arrests, excessive force, and improper investigations have been made against Sheriff's personnel without adequate discipline or corrective action.

79. Despite notice of these issues, the County failed to take corrective action.

**C. Failure to Train and Supervise**

80. The County failed to properly train and supervise its deputies regarding:

(a) The requirement to establish probable cause before seeking an arrest warrant;

(b) The obligation to consider and disclose exculpatory evidence;

(c) The prohibition against relying on fabricated or unreliable evidence;

(d) The constitutional limits on use of force.

MICHAEL DEVEREUX, ESQ.

81. These failures reflect deliberate indifference to the constitutional rights of individuals.

## C. Ratification

82. After the events described herein, policymakers within the Sheriff's Department ratified the conduct of the involved deputies by:

(a) Failing to discipline or meaningfully investigate the conduct;

(b) Continuing to support the prosecution despite known evidentiary inconsistencies;

(c) Approving or acquiescing in the investigative methods used.

83. Policymakers ratified the conduct despite the obvious lack of probable cause and the material omissions in the warrant application, demonstrating deliberate indifference to constitutional violations.

## C. Causation

84. The policies, customs, and failures described above were the **moving force** behind the violations of Plaintiff's rights, including:

a) His arrest without probable cause;

b) The fabrication and use of unreliable evidence;

c) The use of excessive force;

d) The initiation and continuation of criminal proceedings against him.

MICHAEL DEVEREUX, ESQ.

13

## SIXTH CAUSE OF ACTION

## Bane Act (Cal. Civ. Code § 52.1)

85. Plaintiff realleges paragraphs 1–84.

86. Defendants interfered with Plaintiff's constitutional rights, including his right to be free from unreasonable seizure and excessive force.

87. Defendants accomplished this interference through threats, intimidation, or coercion, including:

(a) The use of a taser during an unlawful arrest;

(b) The coercive use of authority to detain and prosecute Plaintiff without probable cause.

88. Defendants acted intentionally or with reckless disregard.

89. Plaintiff suffered damages as a result.

## SEVENTH CAUSE OF ACTION

## False Imprisonment

90. Plaintiff realleges paragraphs 1–89.

91. Defendants intentionally confined and detained Plaintiff for more than a year.

92. The detention was without lawful privilege because it was not supported by probable cause.

93. Plaintiff was aware of and harmed by the confinement.

MICHAEL DEVEREUX, ESQ.

14

MICHAEL DEVEREUX, ESQ.

## EIGHTH CAUSE OF ACTION

### Assault and Battery

94. Plaintiff realleges paragraphs 1–89.

95. Defendants intentionally used force against Plaintiff during the course of his arrest.

96. Specifically, Defendants deployed a taser against Plaintiff while he was confined in a crawl space.

97. At the time force was used:

(a) Plaintiff was contained within a restricted space;

(b) Plaintiff did not pose an immediate threat of serious bodily harm;

(c) Plaintiff was not actively assaulting officers.

98. The use of a taser under these circumstances was unreasonable and excessive.

99. By deploying the taser, Defendants:

(a) Intentionally applied harmful and offensive force (battery); and

(b) Placed Plaintiff in reasonable apprehension of such force (assault).

100. The force used was not justified or privileged.

101. As a direct result, Plaintiff suffered physical pain, injury, and emotional distress.

102. Defendants acted with malice, oppression, and reckless disregard, entitling Plaintiff to punitive damages.

## NINH CAUSE OF ACTION

**NINTH CAUSE OF ACTION**

### Intentional Infliction of Emotional Distress

103. Plaintiff realleges paragraphs 1–102.

104. Defendants engaged in extreme and outrageous conduct, including:

(a) Arresting Plaintiff without probable cause despite clear exculpatory evidence;

(b) Subjecting Plaintiff to a criminal prosecution based on inconsistent and unreliable accusations;

(c) Deploying a taser against Plaintiff in a confined space without necessity;

(d) Ignoring or manipulating evidence to justify their actions.

105. Defendants acted intentionally or with reckless disregard of the probability that their conduct would cause Plaintiff emotional distress.

106. Defendants knew, or should have known, that subjecting an individual to:

- A wrongful arrest,

- A serious felony prosecution, and

- Unnecessary force would cause severe emotional harm.

107. As a direct and proximate result, Plaintiff suffered severe emotional distress, including:

MICHAEL DEVEREUX, ESQ.

- Anxiety

- Fear

- Humiliation

- Mental anguish

108. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

109. Defendants acted with malice and oppression, justifying punitive damages.

## VII. DAMAGES

110.     Plaintiff suffered:

- Loss of liberty

- Physical injury

- Emotional distress

- Reputational harm

111. Plaintiff is entitled to compensatory and punitive damages.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

1. **General and compensatory damages** according to proof, including for loss of liberty, physical injury, emotional distress, mental anguish, reputational harm, and economic losses;

MICHAEL DEVEREUX, ESQ.

17

MICHAEL DEVEREUX, ESQ.

2. **Special damages** according to proof, including medical expenses and other out-of-pocket losses;

3. **Punitive and exemplary damages** against the individual Defendants for their malicious, oppressive, and reckless conduct;

4. **Statutory damages** as permitted by law, including under California Civil Code § 52.1;

5. **Attorney's fees and costs** pursuant to 42 U.S.C. § 1988 and other applicable provisions of law;

6. **Pre-judgment and post-judgment interest** as permitted by law;

7. **Declaratory relief** that Defendants' conduct violated Plaintiff's constitutional rights;

8. **Injunctive relief** requiring Defendants to implement policies, training, and supervision sufficient to prevent similar constitutional violations;

9. **Such other and further relief** as the Court deems just and proper.

**IX. JURY DEMAND**

Plaintiff demands a jury trial.

Dated: March 22, 2026          Respectfully Submitted,

By: *Michael S. Devereux*
Michael S. Devereux
Attorney for Plaintiff
Robert Cleland

18