Michael S. Devereux (SBN 225240)
9440 Santa Monica Blvd, Suite 301
Beverly Hills, California 90210
Telephone: (424) 444-0883
Email: mike@wex.law

Attorney for Plaintiff, ROBERT CLELAND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CLELAND,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN BERNARDINO; SHERIFF SHANNON DICUS, in his official capacity; DETECTIVE J. GREGORY, in his individual capacity; DEPUTY L. STOUT, in his individual capacity; and DOES 1-10,<br><br>Defendants. | Case No.: 5:26-cv-01347-JGB-SP<br><br>SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF<br><br>1. Unlawful Seizure (42 U.S.C. § 1983)<br>2. Excessive Force (42 U.S.C. § 1983)<br>3. Fabrication of Evidence / Due Process (Fourteenth Amendment; 42 U.S.C. § 1983)<br>4. Malicious Prosecution (Fourth and Fourteenth Amendments; 42 U.S.C. § 1983)<br>5. Municipal Liability (Monell, 42 U.S.C. § 1983)<br>6. Violation of the Bane Act (Cal. Civ. Code § 52.1)<br>7. False Imprisonment<br>8. Assault and Battery<br>9. Intentional Infliction of Emotional Distress<br><br>DEMAND FOR JURY TRIAL |

MICHAEL DEVEREUX, ESQ.

Plaintiff Robert Cleland alleges as follows:

## I. INTRODUCTION

1. This action arises from a law enforcement investigation that abandoned basic principles of fairness and reliability, resulting in the wrongful arrest, prosecution, and use of force against Plaintiff Robert Cleland.

2. The core issue is straightforward: Defendants pursued Plaintiff despite clear evidence that he was not the attacker.

3. On July 18, 2023, an assault occurred in Needles, California. An independent eyewitness described the assailant as a person with long blonde or white hair. Plaintiff is bald and shaves his head.

4. Defendants disregarded this exculpatory evidence and built a case around a complaining witness who initially failed to identify Plaintiff and later repeatedly changed his account.

5. Weeks after the incident, the complaining witness accused Plaintiff. Then, on the eve of the preliminary hearing, the account changed again: the attacker, the witness now claimed, had been wearing a wig.

6. This shifting narrative was not the product of new evidence. It was the product of an investigation determined to reach a predetermined conclusion,



MICHAEL DEVEREUX, ESQ.

MICHAEL DEVEREUX, ESQ.

including through the coaching of the complaining witness by Defendant Detective J. Gregory.

7. Based on these inconsistent and unreliable statements, Defendant Gregory and other individual Defendants caused an arrest warrant to issue without probable cause.

8. When Plaintiff was arrested, individual Defendants deployed a taser against him while he was confined in a crawl space, despite the absence of any immediate threat justifying such force. Deputies then circulated bodycam footage of the tasing to other law enforcement personnel and private individuals.

9. Defendants initiated and pursued a serious felony prosecution against Plaintiff, forcing him to endure the loss of liberty from October 26, 2023 through March 12, 2025 - approximately sixteen months - and the burdens of criminal proceedings.

10. At trial, Plaintiff was acquitted of all charges.

11. As a direct and proximate result, Plaintiff suffered loss of liberty, physical injury, emotional distress, and reputational harm.

## II. JURISDICTION AND VENUE

12. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

13. This Court has supplemental jurisdiction over Plaintiff's related state-law claims under 28 U.S.C. § 1367 because those claims form part of the same case or controversy.

14. Venue is proper in the Central District of California under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in San Bernardino County within this District, and Defendants reside or are found here.

## III. PARTIES

15. Plaintiff ROBERT CLELAND is an individual who, at all relevant times, resided in Needles, San Bernardino County, California.

16. Defendant COUNTY OF SAN BERNARDINO (the "County") is a public entity organized under the laws of the State of California. The County operates and is responsible for the policies, customs, practices, training, supervision, and discipline of the San Bernardino County Sheriff's Department, which is a department of the County and is not a separately named Defendant.

MICHAEL DEVEREUX, ESQ.

17. Defendant SHERIFF SHANNON DICUS was the Sheriff of San Bernardino County at all relevant times. He is sued solely in his official capacity as the final policymaker for the Sheriff's Department with respect to law enforcement policies, practices, training, supervision, and discipline. No individual-capacity claim is asserted against Sheriff Dicus.

18. Defendant DETECTIVE J. GREGORY was, at all relevant times, a deputy and the lead investigator assigned to the criminal matter concerning Plaintiff. He is sued in his individual capacity.

19. Defendant DEPUTY L. STOUT was, at all relevant times, a deputy who participated in Plaintiff's arrest and the use of force against him. He is sued in his individual capacity.

20. Defendants DOES 1-10 were, at all relevant times, deputies, officers, investigators, supervisors, or employees of the County who participated in the investigation, arrest, use of force, or prosecution described herein, and who are sued in their individual capacities. Their true names and capacities are unknown to Plaintiff, who will amend this Complaint to allege their true names and capacities when ascertained.

MICHAEL DEVEREUX, ESQ.

21. At all relevant times, each individual Defendant acted under color of state law and within the course and scope of his employment with the County.

## IV. COMPLIANCE WITH THE CALIFORNIA GOVERNMENT CLAIMS ACT

22. Plaintiff has complied with the claim-presentation requirements of the California Government Claims Act, Government Code sections 900 et seq., as a condition precedent to his state-law causes of action.

23. On September 11, 2025, and within the time prescribed by Government Code section 911.2, Plaintiff presented a written claim for damages to the County of San Bernardino, addressed to the County's Risk Management Division at 222 West Hospitality Lane, Third Floor, San Bernardino, California 92415.

24. The claim described the incident and injuries giving rise to this action, identified the County and its personnel, asserted constitutional and state-law violations, and stated damages in an amount not less than $5,000,000.

25. The County did not serve written notice of action on the claim within forty-five days of presentation. By operation of Government Code section 912.4, the claim was therefore deemed rejected upon expiration of that period, on or about October 26, 2025.



MICHAEL DEVEREUX, ESQ.

26. This action is timely filed within the limitations period prescribed by Government Code section 945.6.

27. The County is liable for the acts and omissions of its employees alleged in the state-law causes of action pursuant to Government Code section 815.2(a), which makes a public entity vicariously liable for injury proximately caused by an act or omission of its employee within the scope of employment where the act or omission would give rise to a cause of action against that employee.

## V. FACTUAL ALLEGATIONS

28. On July 18, 2023, Robert Ryan was assaulted in Needles, California.

29. When deputies responded, Ryan refused or failed to identify or describe his attacker.

30. An independent eyewitness described the attacker as a male with long white or blonde hair. A separate independent witness described a female suspect with dirty-blonde hair who pursued Ryan in a maroon minivan.

31. Plaintiff is bald and shaves his head, and did not match the description of any suspect identified by independent witnesses.

32. While hospitalized, Ryan told a third party that he had been attacked by a man with long hair and another individual, describing the incident as a robbery

MICHAEL DEVEREUX, ESQ.

attempt. This account was inconsistent with the accusation later advanced against Plaintiff.

33. The investigation was reassigned from an experienced detective to Defendant Gregory, who lacked detective training.

34. On or about August 28, 2023 - more than a month after the incident - Defendant Gregory interviewed Ryan by telephone. Only then did Ryan name Plaintiff and another individual as his assailants, contradicting every independent witness account and his own prior statements.

35. Despite these glaring inconsistencies, Defendant Gregory failed to ask basic follow-up questions and failed to reconcile the contradiction between the independent witness descriptions and Ryan's new accusation.

36. Between August 28, 2023 and May 1, 2024, there was little or no documented contact between Ryan and the Sheriff's Department regarding the identification of Plaintiff.

37. On or about May 1, 2024, immediately before the preliminary hearing, Defendant Gregory met privately with Ryan. The meeting was not recorded.

38. Following that meeting, Defendant Gregory prepared a handwritten supplemental report reflecting, for the first time, a new claim that the attacker



MICHAEL DEVEREUX, ESQ.

MICHAEL DEVEREUX, ESQ.

had worn a "blond wig." This new detail conveniently reconciled Ryan's accusation of the bald Plaintiff with the independent witnesses' descriptions of a long-haired assailant.

39. The newly advanced "wig" account was not part of the original investigation, was inconsistent with prior descriptions, and was inconsistent with the physical and blood-pattern evidence.

40. On information and belief, Defendant Gregory coached, encouraged, or caused Ryan to adopt the "wig" account, knowing it to be false, in order to manufacture probable cause against Plaintiff.

41. Defendant Gregory and other individual Defendants caused an arrest warrant to issue based on these inconsistent, unreliable, and fabricated statements, while omitting the material exculpatory facts described above.

42. Plaintiff was arrested on or about October 26, 2023. At the time, he was located in a crawl space beneath a residence.

43. Plaintiff was contained within the crawl space and did not pose an immediate threat of serious bodily harm to officers or others.

44. Notwithstanding the absence of any immediate threat, individual Defendants deployed a taser against Plaintiff, causing him to suffer severe pain.

45. After the tasing, individual Defendants and other law enforcement personnel circulated bodycam footage of Plaintiff being tased to other agencies and private individuals, where it was displayed and mocked.

46. Based on the fabricated and unreliable evidence, Defendants initiated and continued a felony prosecution against Plaintiff. The complaining witness testified at the preliminary hearing, and probable cause was found based on that testimony.

47. Plaintiff was detained from October 26, 2023 through March 12, 2025 - approximately sixteen months. He repeatedly declined to waive time and maintained his innocence.

48. At trial, the jury acquitted Plaintiff of all charges.

49. Defendants' conduct was unreasonable, malicious, and in reckless disregard of Plaintiff's clearly established constitutional rights.

## VI. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Unlawful Seizure - Fourth Amendment (42 U.S.C. § 1983)**
**(Against Defendants Gregory, Stout, and Does 1-10)**

50. Plaintiff realleges and incorporates paragraphs 1 through 49.

MICHAEL DEVEREUX, ESQ.

MICHAEL DEVEREUX, ESQ.

51. The individual Defendants caused Plaintiff to be arrested pursuant to a warrant obtained through material misrepresentations and omissions.

52. In seeking the warrant, the individual Defendants deliberately, or with reckless disregard for the truth, omitted material exculpatory facts, including: (a) the complaining witness's initial failure to identify Plaintiff; (b) the independent eyewitness description of the assailant as having long white or blonde hair; (c) that Plaintiff is bald and did not match that description; and (d) the delayed, inconsistent, and evolving nature of the complaining witness's later identification.

53. When the omitted facts are considered, the warrant lacked probable cause, and no reasonable officer could have believed probable cause existed under these circumstances.

54. It was clearly established at the time that officers may not obtain a warrant by deliberately or recklessly omitting material exculpatory information, and that an arrest without probable cause violates the Fourth Amendment.

55. As a direct and proximate result, Plaintiff was unlawfully seized in violation of the Fourth Amendment and suffered damages.

**SECOND CAUSE OF ACTION**
**Excessive Force - Fourth Amendment (42 U.S.C. § 1983)**
**(Against Defendants Stout and Does 1-10)**

56. Plaintiff realleges and incorporates paragraphs 1 through 55.

57. On or about October 26, 2023, the individual Defendants located Plaintiff in a crawl space beneath a residence, where he was contained and did not pose an immediate threat of serious bodily harm to officers or others.

58. Despite this, the individual Defendants deployed a taser against Plaintiff. The use of the taser was objectively unreasonable because Plaintiff was confined in a restricted space, presented no immediate threat, and less intrusive means of securing compliance were available.

59. The force used was excessive in violation of the Fourth Amendment.

60. It was clearly established at the time that the use of a taser constitutes significant force and is unlawful where a suspect does not pose an immediate threat of serious harm.

61. As a direct and proximate result, Plaintiff suffered physical injury, pain, emotional distress, and other damages.

**THIRD CAUSE OF ACTION**
**Deliberate Fabrication of Evidence - Fourteenth Amendment Due Process (42 U.S.C. § 1983)**
**(Against Defendants Gregory and Does 1-10)**

62. Plaintiff realleges and incorporates paragraphs 1 through 61.



MICHAEL DEVEREUX, ESQ.

63. This claim arises under the Due Process Clause of the Fourteenth Amendment, which protects the right not to be subjected to criminal charges on the basis of deliberately fabricated evidence.

64. The individual Defendants deliberately fabricated evidence against Plaintiff. Specifically, and among other things, Defendant Gregory: (a) coached, encouraged, or caused the complaining witness to identify Plaintiff despite contradictory evidence; (b) generated and relied upon a newly created, uncorroborated "blond wig" account immediately before the preliminary hearing that was not part of the original investigation; and (c) memorialized that fabricated account in a handwritten supplemental report inconsistent with the physical and blood-pattern evidence.

65. The individual Defendants acted deliberately, knowing the fabricated evidence to be false or with reckless disregard for its truth.

66. The deliberately fabricated evidence was material and was used to initiate and continue criminal proceedings against Plaintiff, causing his deprivation of liberty.

67. As a direct and proximate result of the deliberate fabrication of evidence, Plaintiff was deprived of liberty without due process of law and suffered



MICHAEL DEVEREUX, ESQ.

damages. It was clearly established at the time that law enforcement officers may not deliberately fabricate evidence to initiate or continue criminal proceedings.

**FOURTH CAUSE OF ACTION**
**Malicious Prosecution - Fourth and Fourteenth Amendments (42 U.S.C. § 1983)**
**(Cal. Gov't Code § 821.6 (West))**
**(Against Defendants Gregory and Does 1-10)**

68. Plaintiff realleges and incorporates paragraphs 1 through 67.

69. This claim arises under the Fourth and Fourteenth Amendments and redresses an unreasonable seizure pursuant to legal process, brought without probable cause and for the purpose of denying Plaintiff his constitutional rights.

70. The individual Defendants initiated and continued criminal proceedings against Plaintiff.

71. The proceedings were initiated and continued without probable cause, including because of the mismatch between Plaintiff's appearance and the independent eyewitness descriptions, the complaining witness's inconsistent and evolving statements, and the fabricated "wig" account.

72. The individual Defendants acted with malice, including by ignoring exculpatory evidence, relying on unreliable and shifting witness statements, coaching the complaining witness, and proceeding despite knowing the evidence was insufficient and unreliable.



MICHAEL DEVEREUX, ESQ.

73. The criminal proceedings terminated in Plaintiff's favor when he was acquitted of all charges at trial.

74. As a direct and proximate result, Plaintiff suffered a deprivation of liberty, emotional distress, and other damages.

**FIFTH CAUSE OF ACTION**
**Municipal Liability - Monell (42 U.S.C. § 1983)**
**(Against Defendant County of San Bernardino)**

75. Plaintiff realleges and incorporates paragraphs 1 through 74.

76. The constitutional violations described in the First through Fourth Causes of Action were caused by the policies, customs, practices, deliberately indifferent training and supervision, and ratification of Defendant County of San Bernardino, acting through the Sheriff's Department. Plaintiff does not seek to hold the County liable on a respondeat superior theory.

**A. Unconstitutional Policy or Custom**

77. At all relevant times, the County maintained a custom or practice, so persistent and widespread as to constitute a standard operating procedure of the Sheriff's Department, of: (a) initiating arrests and prosecutions without reconciling material exculpatory evidence, including eyewitness descriptions inconsistent with the suspect; (b) permitting deputies to rely on inconsistent,



MICHAEL DEVEREUX, ESQ.

evolving, or uncorroborated witness statements to establish probable cause; (c) omitting material exculpatory facts from warrant applications; and (d) permitting or failing to prevent the fabrication or manipulation of witness statements in preparation for court proceedings.

78. This custom or practice was deficient because it permitted deputies to secure arrests and prosecutions on unreliable and fabricated evidence, and the County was deliberately indifferent to the obvious risk that the custom would cause the deprivation of constitutional rights, including wrongful arrest, fabrication of evidence, and malicious prosecution.

79. On information and belief, and as reflective of a widespread practice rather than an isolated event, deputies assigned to the Needles station and surrounding areas have on multiple occasions relied on unreliable or inconsistent witness statements to support arrests, omitted exculpatory evidence from warrant applications, and deployed force, including tasers, against contained suspects who posed no immediate threat, without adequate discipline or corrective action by the County.

80. The County's custom or practice was the moving force behind the violation of Plaintiff's constitutional rights.

MICHAEL DEVEREUX, ESQ.

**B. Failure to Train and Supervise**

81. The County failed to adequately train and supervise its deputies regarding: (a) the requirement to establish probable cause before seeking an arrest warrant; (b) the obligation to identify, consider, and disclose material exculpatory evidence; (c) the prohibition against fabricating evidence or relying on known false or unreliable evidence; and (d) the constitutional limits on the use of force, including tasers.

82. On information and belief, the need for such training and supervision was obvious, and a pattern of similar constitutional violations by inadequately trained deputies placed the County on notice that its training and supervision were constitutionally deficient. The County's failure to train and supervise amounted to deliberate indifference to the constitutional rights of the persons with whom its deputies come into contact, and was a moving force behind the violation of Plaintiff's rights.

**C. Assignment of Inadequately Qualified Investigative Personnel Without Adequate Supervision**

83. At the outset, the investigation underlying Plaintiff's criminal prosecution was assigned to an experienced, trained detective who possessed the



MICHAEL DEVEREUX, ESQ.

investigative experience necessary to conduct a competent investigation of the serious allegations at issue. Despite the gravity and complexity of the matter, the County, acting through the Sheriff's Department, thereafter removed the experienced detective and reassigned the investigation to a deputy who had little or no prior experience or training in performing detective work or conducting an investigation of this nature.

84. The reassignment was not accompanied by adequate training, supervision, review, or oversight. The reassigned investigator was permitted to assume primary responsibility for a serious felony investigation despite lacking the experience and training necessary to recognize, preserve, investigate, and evaluate material evidence bearing upon guilt or innocence.

85. As a result, significant exculpatory evidence and obvious inconsistencies were overlooked, disregarded, or inadequately investigated. In particular, the physical and forensic evidence was inconsistent with the complaining witness's account of the incident: the location, distribution, and pattern of the bloodstaining did not correspond with the mechanism, sequence of events, or locations the complaining witness described. Rather than corroborating the accusations, the bloodstain evidence materially contradicted the account on

MICHAEL DEVEREUX, ESQ.

MICHAEL DEVEREUX, ESQ.

which the criminal allegations were based. The investigation nonetheless failed to reconcile that contradiction, failed to pursue material inconsistencies in the evidence, failed to investigate readily available alternative explanations, and failed to conduct reasonable follow-up concerning evidence tending to undermine the accusations against Plaintiff.

86. These were not obscure or immaterial discrepancies. They concerned evidence bearing directly upon whether the alleged events occurred in the manner claimed and whether Plaintiff had committed the charged offenses. The consequential nature of these investigative failures is illustrated by the result at trial: when the evidence was ultimately presented and subjected to adversarial testing, the jury acquitted Plaintiff. Plaintiff alleges the acquittal not as proof that the investigation itself violated the Constitution, but as a measure of how material the disregarded and uninvestigated evidence was.

87. The County failed to implement adequate policies governing the qualifications, training, supervision, and oversight of personnel assigned primary responsibility for serious criminal investigations. It further failed to require meaningful supervisory review sufficient to identify material investigative

MICHAEL DEVEREUX, ESQ.

omissions and inconsistencies before investigative conclusions were transmitted to prosecutors and used to initiate or continue criminal proceedings.

88. The foregoing investigative failures were the foreseeable consequence of the County's policies, customs, practices, and deliberately indifferent failure to train, supervise, and assign competent personnel to conduct criminal investigations. The County knew or should have known that assigning inadequately trained and inexperienced personnel to serious criminal investigations, without appropriate supervision or review, created an obvious risk that investigators would fail to recognize exculpatory evidence, fail to test witness allegations against objective evidence, omit material information, and cause persons to be prosecuted without an adequate factual basis. The County's deliberate indifference in these respects was a moving force behind the violation of Plaintiff's constitutional rights.

**D. Ratification**

89. Sheriff Shannon Dicus, as the final policymaker for the Sheriff's Department, together with other final policymakers, ratified the unconstitutional conduct of the individual Defendants and the bases for that conduct.

MICHAEL DEVEREUX, ESQ.

90. With knowledge of the individual Defendants' conduct - including the lack of probable cause, the material omissions in the warrant application, and the fabricated "wig" account - the County's final policymakers made a deliberate and conscious choice to approve and endorse that conduct and its basis, including by declining to investigate or discipline the involved deputies and by continuing to support the prosecution despite known evidentiary deficiencies. This ratification was a moving force behind the violation of Plaintiff's rights.

**E. Causation and Damages**

91. As a direct and proximate result of the County's policies, customs, failures to train, supervise, and assign competent investigative personnel, and ratification, Plaintiff suffered the deprivation of his constitutional rights, loss of liberty, physical injury, emotional distress, reputational harm, and other damages.

**SIXTH CAUSE OF ACTION**
**Violation of the Bane Act (Cal. Civ. Code § 52.1)**
**(Against All Defendants)**

92. Plaintiff realleges and incorporates paragraphs 1 through 91.

93. The individual Defendants interfered with, or attempted to interfere with, Plaintiff's rights under the United States and California Constitutions, including his right to be free from unreasonable seizure and excessive force, by

threats, intimidation, or coercion, including the use of a taser during an unlawful arrest and the coercive use of authority to detain and prosecute Plaintiff without probable cause.

94. The individual Defendants acted with the specific intent to violate Plaintiff's rights.

95. The County is liable for the acts and omissions of the individual Defendants pursuant to Government Code section 815.2(a).

96. As a direct and proximate result, Plaintiff suffered damages and is entitled to relief under Civil Code sections 52 and 52.1, including statutory damages, civil penalties, and attorney's fees.

**SEVENTH CAUSE OF ACTION**
**False Imprisonment**
**(Against All Defendants)**

97. Plaintiff realleges and incorporates paragraphs 1 through 96.

98. The individual Defendants intentionally caused Plaintiff to be confined and detained.

99. The confinement was without lawful privilege because it was not supported by probable cause.

MICHAEL DEVEREUX, ESQ.

100. Plaintiff was aware of, did not consent to, and was harmed by the confinement.

101. The County is liable for the acts and omissions of the individual Defendants pursuant to Government Code section 815.2(a).

102. As a direct and proximate result, Plaintiff suffered damages.

**EIGHTH CAUSE OF ACTION**
**Assault and Battery**
**(Against All Defendants)**

103. Plaintiff realleges and incorporates paragraphs 1 through 102.

104. The individual Defendants intentionally used force against Plaintiff during his arrest by deploying a taser against him while he was confined in a crawl space and posed no immediate threat of serious bodily harm.

105. In doing so, the individual Defendants intentionally applied harmful and offensive force to Plaintiff (battery) and placed him in reasonable apprehension of such force (assault). The force used was unreasonable, excessive, and not privileged.

106. The County is liable for the acts and omissions of the individual Defendants pursuant to Government Code section 815.2(a).



MICHAEL DEVEREUX, ESQ.

107. As a direct and proximate result, Plaintiff suffered physical pain, injury, and emotional distress.

**NINTH CAUSE OF ACTION**

**Intentional Infliction of Emotional Distress**

**(Against All Defendants)**

108. Plaintiff realleges and incorporates paragraphs 1 through 107.

109. The individual Defendants engaged in extreme and outrageous conduct, including arresting Plaintiff without probable cause despite clear exculpatory evidence, subjecting him to a felony prosecution based on inconsistent and fabricated evidence, deploying a taser against him in a confined space without necessity, and circulating and mocking bodycam footage of the tasing.

110. The individual Defendants acted intentionally, or with reckless disregard of the probability that their conduct would cause Plaintiff severe emotional distress.

111. As a direct and proximate result, Plaintiff suffered severe emotional distress, including anxiety, fear, humiliation, and mental anguish.

MICHAEL DEVEREUX, ESQ.

112. The County is liable for the acts and omissions of the individual Defendants pursuant to Government Code section 815.2(a).

## VII. DAMAGES

113. As a direct and proximate result of Defendants' conduct, Plaintiff suffered loss of liberty, physical injury, emotional distress, mental anguish, reputational harm, and economic losses, and is entitled to compensatory damages according to proof.

114. The individual Defendants acted with malice, oppression, and reckless disregard for Plaintiff's rights, entitling Plaintiff to punitive damages against the individual Defendants. Plaintiff does not seek punitive damages against the County.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. General and compensatory damages according to proof, including for loss of liberty, physical injury, emotional distress, mental anguish, reputational harm, and economic losses;

2. Special damages according to proof, including medical expenses and other out-of-pocket losses;

MICHAEL DEVEREUX, ESQ.

MICHAEL DEVEREUX, ESQ.

3. Statutory damages, civil penalties, and other relief under California Civil Code sections 52 and 52.1;

4. Punitive and exemplary damages against the individual Defendants for their malicious, oppressive, and reckless conduct;

5. Injunctive relief requiring the County to adopt and implement policies, training, and supervision sufficient to prevent the recurrence of the constitutional violations alleged herein, to the extent Plaintiff establishes an ongoing or future risk of such harm;

6. Declaratory relief that Defendants' conduct violated Plaintiff's constitutional rights;

7. Attorney's fees and costs pursuant to 42 U.S.C. § 1988, California Civil Code section 52.1, and other applicable law;

8. Pre-judgment and post-judgment interest as permitted by law; and

9. Such other and further relief as the Court deems just and proper.

///

///

///

///

**IX. DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: August 21, 2026

Respectfully submitted,

By: *Michael S. Devereux*

Michael S. Devereux

Attorney for Plaintiff Robert Cleland

MICHAEL DEVEREUX, ESQ.