SHANNON L. GUSTAFSON (SBN228856)
sgustafson@lynberg.com
EDWARD J. SOUTHCOTT (SBN 305701)
esouthcott@lynberg.com
MARK MENESES (SBN 334311)
mmeneses@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 W. Town & Country Road, Suite #1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendant COUNTY OF SAN BERNARDINO

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ROBERT CLELAND,

Plaintiff,

vs.

COUNTY OF SAN BERNARDINO; SAN BERNARDINO SHERIFF'S DEPARTMENT; SHERIFF SHANNON DICUS, IN HIS OFFICIAL CAPACITY; DETECTIVE J. GREGORY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; DEPUTY L. STOUT, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; and DOES 1-10;

Defendant.

CASE NO. 5:26-cv-01347-JGB-SP

*Assigned for All Purposes to:*
*Hon. Jesus G. Bernal*
*Ctrm 1*

*Magistrate Judge: Sheri Pym*

**COUNTY OF SAN BERNARDINO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

*[Proposed] Order Concurrently Filed*

Date: October 5, 2026
Time: 9:00 a.m.
Crtrm.: 1

*Complaint Filed: March 22, 2026*
*FAC Filed: March 27, 2026*

*Trial Date: None Set*

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 5, 2026, at 9:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 1 of the above-entitled Court, located at 3470 Twelfth Street, Riverside, CA 92501, Defendants COUNTY OF SAN BERNARDINO will, and hereby does, move this Court for an order dismissing and/or striking Plaintiff ROBERT CLELAND's, an individual ("Plaintiff") First Amended Complaint ("FAC") against them pursuant to Fed. R. Civ. P. Rules 12(b)(6) and 12(f).

Defendant brings this Motion on each of the following grounds:

1. Plaintiff's Section 1983 Claims for Relief against the San Bernardino Sheriff's Department fail to state a claim upon which relief may be granted because the Sheriff's Department is not a "person" subject to suit under 42 U.S.C. Section 1983. *See* Fed. R. Civ. P. 8 and 12(b)(6).

2. Plaintiff's State Law Claims for Relief against the San Bernardino Sheriff's Department fail to state a claim upon which relief may be granted because the Sheriff's Department is not a separate suable public entity subject to suit under California Law. *See* Fed. R. Civ. P. 8 and 12(b)(6)

3. Plaintiff's First Claim for Relief for Unlawful Seizure (42 U.S.C. § 1983) against Defendants fails to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6).

4. Plaintiff's Second Claim for Relief for Excessive Force (42 U.S.C. § 1983) against Defendants fails to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6)

5. Plaintiff's Third Claim for Relief for Fabrication of Evidence/Due Process (42 U.S.C. § 1983) against Defendants fails to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6).

6. Plaintiff's Fourth Claim for Relief for Malicious Prosecution (42 U.S.C.

§ 1983) against Defendants fails to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6)

7. Plaintiff's Fifth Claim for Relief for *Monell* – Unconstitutional Custom Policy, or Practice, Failure to Train, and Ratification (42 U.S.C. § 1983) against the County of San Bernardino fails to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6).

8. Plaintiff's Sixth Claim for Violation of the Bane Act (Cal. Civil. Code Section 52.1) against Defendants fails to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6).

9. Plaintiff's Seventh Claim for Relief for False Imprisonment against Defendants fails to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6).

10. Plaintiff's Eighth Claim for Relief for Assault and Battery against Defendants fails to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6).

11. Plaintiff's Ninth Claim for Relief for Intentional Infliction of Emotional Distress against Defendants fails to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6).

12. Plaintiff's Request for Injunctive Relief must be stricken for failure to establish a "real and immediate threat" of injury to him. *See*, *City of Los Angeles v. Lyons*, 461 U.S. 95. 101-103 (1983); *see also*, Fed. R. Civ. P. 12(f).

Defendants' Motion is based on this Notice, the Memorandum of Points and Authorities, Plaintiff's First Amended Complaint, and upon such other and further matters as may properly come before the Court.

Pursuant to Local Rule 7-3, Defendants served a meet and confer letter on June 15, 2026, that contained all of Defendants' grounds for filing this Motion. After meeting and conferring, Plaintiff agreed that he would file a Second Amended

Complaint that would address the deficiencies identified in our meet and confer letter. As such, pursuant to Local Rule 8-3, a stipulation was filed on July 21, 2026, to allow time for Plaintiff to file his Second Amended Complaint by August 21, 2026. (Dkt. 17). However, the Court never ruled on the Motion and Plaintiff failed to file a Second Amended Complaint by August 21, 2026, as the parties had previously agreed. Thus, Plaintiff's failure to file a Second Amended Complaint thereby necessitates this Motion.

DATED: August 31, 2026

**LYNBERG & WATKINS**
A Professional Corporation

By: */s/ Shannon L. Gustafson*
**SHANNON L. GUSTAFSON**
**EDWARD J. SOUTHCOTT**
**MARK MENESES**
Attorneys for Defendant
COUNTY OF SAN BERNARDINO

# TABLE OF CONTENTS

I. PRELIMINARY STATEMENT .......... 11

II. PLAINTIFF'S FAC VIOLATES RULE 8 .......... 11

III. THE SAN BERNARDINO SHERIFF'S DEPARTMENT MUST BE DISMISSED AS A MATTER OF LAW .......... 12

A. The San Bernardino County Sheriff's Department Is Not A "Person" Subject to Suit Under 42 U.S.C. § 1983 .......... 12

B. The San Bernardino County Sheriff's Department Is Not A "Public Entity" and Cannot Be Sued Under California Law .......... 14

IV. PLAINTIFF FAILS TO SUFFICIENTLY PLEAD HIS FEDERAL CLAIMS .......... 15

A. Plaintiff's Claims Nos. 1-4 Under the Fourth Amendment are Improper Against Defendant County of San Bernardino .......... 16

B. Plaintiff's Claims Nos. 3-4 Fail to Set Forth Which Amendment the Claims are Proceeding Under & Section 1983 is Not a Source of Substantive Rights .......... 17

1. Fabrication of Evidence (Claim Three) .......... 17

2. Malicious Prosecution (Claim Four) .......... 18

V. PLAINTIFF'S FIFTH CLAIM FOR MONELL LIABILITY UNDER SECTION 1983 IS INSUFFICIENTLY PLED .......... 18

A. Practice/Policy/Customs .......... 19

B. Failure to Train .......... 22

C. Ratification .......... 23

VI. PLAINTIFF'S STATE LAW CLAIMS FAIL TO COMPLY WITH THE CALIFORNIA TORT CLAIM ACT .......... 25

VII. PLAINTIFF FAILS TO STATE A BASIS OF LIABILITY AGAINST THE COUNTY OF SAN BERNARDINO FOR THE STATE LAW CLAIMS ASSERTED AGAINST IT .......... 26

VIII. PLAINTIFF'S REQUEST FOR INJUCTIVE RELIEF MUST BE STRICKEN .......... 29

IX. CONCLUSION .......... 30

## Table of Authorities

### Cases

*A.E. ex rel. Hernandez v. Cty. of Tulare*,
666 F.3d 631 (9th Cir. 2012) .......... 15

*Aguilar v. Corral*,
2007 WL 2947557, n. 4 (E.D.Cal. 2007) .......... 28

*Allyson v. Department of Transportation*,
53 Cal.App.4th 1304 (1997) .......... 27

*Apilado v. N. Am. Gay Amateur Athletic Alliance*,
792 F.Supp.2d 1151–65 (W.D. Wash. 2011) .......... 29

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 15

*Ayala v. KC Environmental Health*,
426 F.Supp.2d 1070 (E.D. Cal. 2006) .......... 18

*Bd. of Cty. Comm'rs v. Brown*,
520 U.S. 397, (1997) .......... 16

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 15

*Benavidez v. Cty. of San Diego*,
993 F.3d 1134 (9th Cir. 2021) .......... 22

*Blankenhorn v. City of Orange*,
485 F.3d 463 (9th Cir. 2007) .......... 22

*Brenner v. City of El Cajon*,
113 Cal.App.4th 434 (2003) .......... 27

*Brown v. Cty. of San Bernardino*,
2021 WL 99722 (C.D. Cal. 2021) .......... 23

*Butler v. Los Angeles County*,
617 F.Supp.2d 994 (C.D. Cal. 2008) .......... 26

*Camarillo v. Riverside County Sheriff Department*,
2022 WL 4125309 (C.D. Cal. 2022) .......... 13

*Castro v. County of Los Angeles*,
833 F.3d 1030 (9th Cir. 2016) (en banc) .......... 24

*Christie v. Lopa*,
176 F.3d 1231 (9th Cir. 1999) .......... 23, 24

*City of Canton v. Harris*,
489 U.S. 378 (1989) .......... 22

*City of Los Angeles v. Lyons*,
461 U.S. 95. (1983) .......... 3,29

*City of St. Louis v. Praprotnik*,
485 U.S. 112, (1988)........................................................23

*Clouthier v. Cnty. of Contra Costa*,
591 F.3d 1232 (9th Cir. 2010) ........................................................24

*Cochran v. Herzog Engraving Co.*,
155 Cal.App.3d 405 (1984) ........................................................27

*Connick v. Thomspon*,
563 U.S. 51 (2011) ........................................................22

*Costa Cty. Sheriff Dep't*,
2014 WL 4652118 (N.D. Cal. 2014) ........................................................24,25

*Davis v. City of San Jose*,
2014 WL 2859189 (N.D. Cal. 2014) ........................................................16,21

*Davis v. Ellensburg*,
869 F.2d 1230 (9th Cir. 1989) ........................................................21

*Dean v. Barber*,
951 F.2d 1210 (11th Cir. 1992) ........................................................13

*Devereaux v. Abbey*,
263 F.3d 1070 (9th Cir. 2001) ........................................................18

*DiCampli-Mintz v. County of Santa Clara*,
55 Cal.4th 983 (2012) ........................................................26

*Doughtery v. City of Covina*,
654 F.3d 892 (9th Cir. 2011) ........................................................23

*Downes-Covington v. Las Vegas Metro Police Dep't*,
2020 U.S. Dist. Lexis 240339 at *35 (D. Nev. 2020) ........................................................29

*Estate of Luna v. Orange County Sheriff's Dept.*,
2024 WL 2105604 (C.D. Cal. 2024) ........................................................14

*Esther Tando ATAM v. Kaiser Foundation Health Plan Inc. et al*,
2026 WL 1455003 at *14 (C.D. Cal. 2026) ........................................................12

*Fernandez v. Los Angeles County*,
2022 WL 16859587 (C.D. Cal. 2022) ........................................................13

*Flores v. County of Los Angeles*,
758 F.3d 1154 (9th Cir. 2014) ........................................................22

*Gillette v. Delmore*,
979 F.2d 1342 (9th Cir. 1992) ........................................................24

*Gini v. Las Vegas Metro. Police Dept.*,
40 F.3d 1041 (9th Cir. 1994) ........................................................17

*Gomez v. Whitney*,
757 F.2d 1005 (9th Cir. 1985) ........................................................17

*Herd v. County of San Bernardino*,
311 F. Supp. 3d 1157 (2018) .......... 16, 19,23

*Hill v. Fairfield Police Dep't.*,
2016 WL 2602411 (E.D. Cal. May 5, 2016) .......... 25

*Hyde v. City of Willcox*,
23 F.4th 863 (9th Cir. 2022) .......... 22

*Imel v. County of El Dorado*,
2010 WL 2606493 (E.D. Cal. 2010) .......... 26

*In re Gilead Scis. Sec. Litig.*,
536 F.3d 1049 (9th Cir. 2008) .......... 15

*Jennings v. Cty. of Riverside*,
2020 WL 4037164 (C.D. Cal. 2020) .......... 13

*Johnson v. Baca*,
2013 WL 12131358 (C.D. Cal. 2013) .......... 19

*Lassiter v. City of Bremerton*,
556 F.3d 1049 (9th Cir. 2009) .......... 24

*Lehto v. City of Oxnard*,
171 Cal. App. 3d 285 (1985) .......... 28

*Lopez v. Southern Cal. Rapid Transit Dist.*,
40 Cal.3d 780 (1985) .......... 27

*Lytle v. Carl*,
382 F.3d 978 (9th Cir. 2004) .......... 24

*Maldonado v. County of Orange*,
2019 WL 6139937 (C. D. Cal. 2019) .......... 20,23

*Marsh v. County of San Diego*,
680 F.3d 1148 (9th Cir. 2012) .......... 23

*Mayfield v. United States*,
599 F.3d 964 (9th Cir. 2010) .......... 29

*McHenry v. Renne*,
84 F.3d 1172 (9th Cir. 1996) .......... 12

*Meehan v. Los Angeles County*,
856 F.2d 102 (9th Cir. 1988) .......... 21

*Moles v. County of Linn*,
2004 WL 1490324 (D. Or. 2004) .......... 13

*Moore v. County of Orange*,
2017 WL 10518114 (C.D. Cal. 2017) .......... 15,20

*Munns v. Kerry*,
782 F.3d 402 (9th Cir. 2015) .......... 29

*Munoz v. City of Union City*,
120 Cal. App. 4th 1077 (2004) ........................................ 28

*Nelson v. Cty. Of Sacramento*,
926 F.Supp.2d 1159 (E.D. Cal. 2013) ........................................ 13

*O'Shea v. Littleton*,
414 U.S. 488 (1978) ........................................ 29

*People ex rel. Freitas v. City and County of San Francisco*,
92 Cal.App.3d 913 (1979) ........................................ 28

*Peter W. v. San Francisco Unified School Dist.*,
60 Cal.App.3d 819 (1975) ........................................ 27

*Peterson v. City of Fort Worth*,
588 F.3d 838 (5th Cir. 2009) ........................................ 25

*Rendon v. County of Orange*,
2019 WL 4284521 (C.D. Cal. 2019) ........................................ 20

*Rodrigues v. County of Orange*,
2020 WL 3396619 (C.D. Cal. 2020) ........................................ 17

*Searcy v. Hemet Unified School Dist.*,
177 Cal.App.3d 792 (1986) ........................................ 27

*Sheehan v. City & County of San Francisco*,
741 F.3d 1211 (9th Cir. 2014) ........................................ 24

*Sincerny v. City of Walnut Creek*,
2017 WL 4642432 (N.D. Cal. 2017) ........................................ 16

*Sloman v. City of Simi Valley*,
21 F.3d 1462 (9th Cir. 1994) ........................................ 21

*Smith v. Stanislaus*,
2012 U.S. Dist. LEXIS 9288 (E.D. Cal. 2012) ........................................ 20

*Spencer v. Peters*,
857 F.3d 789 (9th Cir. 2017) ........................................ 17

*Starr v. Baca*,
652 F.3d 1202 (9th Cir. 2011) ........................................ 15

*Sullivan v. City of Sacramento*,
190 Cal.App.3d 1070 (1987) ........................................ 27,28

*Thompson v. City of Los Angeles*,
885 F.2d 1439 (9th Cir. 1989) ........................................ 20

*Trevino v. Gates*,
99 F.3d 911 (9th Cir. 1996) ........................................ 21,24

*Trinkle v. California State Lottery*,
84 Cal.Rptr.2d 496 (1999) ........................................ 28

*United Motors International, Inc. v. Hartwick*, 2017 WL 888304 (C.D.Cal. 2017) .......... 28

*United States v. Kama*, 394 F.3d 1236 (9th Cir. 2005) .......... 12

*Vallas v. City of Chula Vista*, 56 Cal. App. 3d 382 (1976) .......... 13,14

*Van Ort v. Estate of Stanewich*, 92 F.3d 831 (9th Cir. 1992) .......... 19

*Vance v. County of Santa Clara*, 928 F. Supp. 993 (N.D. Cal. 1996) .......... 13

*Wilkey v. County of Orange*, 2017 WL 11447980 (C.D. Cal. 2017) .......... 16

*Womack v. County of Amador*, 551 F.Supp.2d 1017 (E.D. Cal. 2008) .......... 18

**Statutes**

42 U.S.C. Section 1983 .......... passim

Cal. Civil. Code Section 52.1 .......... 3

Cal. Gov. Code § 945.4 .......... 26

Cal. Gov. Code § 815 .......... 27

Cal. Gov. Code § 945.3 .......... 25

Cal. Gov. § 911.2 .......... 26

**Other**

Fed. R. Civ. P. 8 .......... 2,24

Fed. R. Civ. P. Rules 12(b)(6 .......... passim

Fed. R. Civ. P. 12(f) .......... 2, 3, 11

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. PRELIMINARY STATEMENT

Plaintiff's First Amended Complaint ("FAC") alleges that on July 18, 2023, an assault occurred on non-party Robert Ryan ("Ryan") in Needles, California. (FAC ¶ 28). At the time, Ryan did not identify Plaintiff as an assailant and an independent eyewitness described the attacker as having long blonde hair. (FAC ¶¶ 29-30). However, Plaintiff is bald and did not match the description but despite this, Defendants pursued Plaintiff as a suspect. (FAC ¶¶ 31-32).

Weeks later, Ryan changed his account and accused Plaintiff, and prior to the preliminary hearing, Ryan claimed the attacker wore a wig. (FAC ¶¶ 33-34). These inconsistencies were known or should have been to Defendants, but Defendants nevertheless caused an arrest warrant to be issued, resulting in Plaintiff's arrest on or about October 26, 2023. (FAC ¶¶ 35-37).

At the time of Plaintiff's arrest, he was hiding in a crawl space underneath a trailer, a taser was deployed against him, and he was forcibly removed and detained. (FAC ¶¶ 38-40). Thereafter, Defendants initiated and continued prosecution against Plaintiff. (FAC ¶ 41).

As a result of these allegations, Plaintiff brings a variety of state and federal claims against the County Defendants and Plaintiff also brings a *Monell* claim against Defendant County of San Bernardino. However, each claim against Defendants and the County of San Bernardino are insufficiently pled as further described below.

For the reasons indicated herein, Plaintiff's First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Claims against Defendants and/or Defendant County of San Bernardino fail to state a claim upon which relief may be granted. *See*, Fed. R. Civ. P. 12(b)(6).

### II. PLAINTIFF'S FAC VIOLATES RULE 8

Rule 8's requirement of "each averment of a pleading to be 'simple, concise, and direct,' applies to good claims as well as bad, and is a basis for dismissal

independent of Rule 12(b)(6)." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). In other words, "dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit," but rather focuses on whether the complaint "provide[s] defendants notice of what legal claims are asserted against which defendants." (*Id*. at 1176, 1179).

In *Esther Tando ATAM v. Kaiser Foundation Health Plan Inc. et al*, 2026 WL 1455003 at *14 (C.D. Cal. 2026), the Court relied on *Henry* and determined that Plaintiff's FAC violated Rule 8 because Plaintiff's FAC does not clearly identify against whom those causes of action are alleged. The same reasoning applies here given that Plaintiff wholly failed to identify which causes of action are asserted against which Defendant(s).

## III. <u>THE SAN BERNARDINO SHERIFF'S DEPARTMENT MUST BE DISMISSED AS A MATTER OF LAW</u>

Plaintiff appears to assert claims against the San Bernardino Sheriff's Department, but it is not clear which claims are asserted against it given that Plaintiff wholly fails to identify the defendants to each claim. Nonetheless, the San Bernardino Sheriff's Department is not a proper party to any claim asserted against it.

It is well-settled that a law enforcement department is a non-suable entity inasmuch as it is not a public entity itself, but rather a part of the suable public entity here, the County of San Bernardino. Here, the San Bernardino Sheriff's Department is merely a department ***within*** the County of San Berardino and as such should be dismissed as ***duplicative*** of the County.

### A. <u>The San Bernardino County Sheriff's Department Is Not A "Person" Subject to Suit Under 42 U.S.C. § 1983</u>

The Ninth Circuit and district court case authority supports this position, frequently describing the law enforcement agency as not being a "person" subject to suit pursuant to Section 1983. *See*, *United States v. Kama*, 394 F.3d 1236, 1239-1240

(9th Cir. 2005) ("[M]unicipal police departments and bureaus are generally not considered "persons" within the meaning of 42 U.S.C. § 1983."); *see also*, *Camarillo v. Riverside County Sheriff Department*, 2022 WL 4125309, at *3 (C.D. Cal. 2022) ("Under Section 1983, a plaintiff may pursue claims against a 'person' acting under the color of state law. However, local departments within municipal governmental entities are not proper defendants under Section 1983."); *Fernandez v. Los Angeles County*, 2022 WL 16859587, at *2 (C.D. Cal. 2022) ("As a threshold matter, LASD is not an appropriate defendant for the Section 1983 claims in this matter. Municipal police departments are not generally considered 'persons' under Section 1983."); *Jennings v. Cty. of Riverside*, 2020 WL 4037164, at *4 (C.D. Cal. 2020) ("Although a county government…is a 'person' for purposes of Section 1983, a department, agency, or unit of that local government…is not a 'person' under Section 1983, and not subject to suit."); *Nelson v. Cty. Of Sacramento*, 926 F.Supp.2d 1159, 1170 (E.D. Cal. 2013) ("Under § 1983, 'persons' includes municipalities. It does not include municipal departments."); The Sheriff's Department is a division of the County and not a separate suable entity. *Vallas v. City of Chula Vista*, 56 Cal. App. 3d 382, 3870388 (1976)("We must conclude the police department is merely an integral part of the public entity and not an entity itself." ); *Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality. . . . The County is a proper defendant in a § 1983 claim, an agency of the County is not."); *accord Dean v. Barber*, 951 F.2d 1210 (11th Cir. 1992) (county sheriff's department cannot be sued under section 1983); *Moles v. County of Linn*, 2004 WL 1490324, at *4 (D. Or. 2004) ("[T]he Linn County Sheriff's Office is not a 'person' subject to liability under section 1983. Municipal departments, commissions and associations, such as police, sheriff and corrections departments cannot be sued under section 1983.").

Further, dismissal of the Sheriff's Department does not foreclose Plaintiff from pursuing any viable municipal liability claims against the proper entity Defendant County of San Bernardino. Because the San Bernardino Sheriff's Department is merely an agency of the County and the claims against both arise from the same facts, the Sheriff's Department is an unnecessary redundant defendant that should be stricken.

### B. The San Bernardino County Sheriff's Department Is Not A "Public Entity" and Cannot Be Sued Under California Law

The law is similarly well-settled with respect to state law claims against law enforcement agencies. Put plainly, "[a] sheriff's department is not a 'public entity' under California law," and is therefore not subject to suit for alleged violations of California law. *See*, *Estate of Luna v. Orange County Sheriff's Dept.*, 2024 WL 2105604, at *3 (C.D. Cal. 2024) (dismissing with prejudice all state law causes of action asserted against OCSD) (citing *Vallas v. City of Chula Vista*, 56 Cal.App.3d 382, 387-388 (1976)); *Vallas*, *supra*, 56 Cal.App.3d at 387-388 ("We are provided no authority for the position that the police department is a 'public entity' within the meaning of the section. Evidence Code section 200 defines a public entity as 'a nation, state, county, city and county, city, district, public authority, public agency, or any other political subdivision or public corporation, whether foreign or domestic.' While 'public agency' may be a somewhat vague term, its use as a part of a definition of 'public entity' must contemplate a body with some degree of sovereignty. Each of the listed entities as well as the classification found in the concluding language, 'or any other political subdivision or public corporation,' describes an independent body politic with sovereignty and not a department or office within the entity. To construe 'public agency' any other way would be to destroy the concept of 'entity….' None of the definitions of 'public agency' we have been able to find would include a department of a city as such. *We must conclude the police department is merely an*

*integral part of a public entity and not an entity itself.*") (emphasis added). Here, given that the Sheriff's Department is not a public entity under California law, it is not subject to suit for alleged violations of California law.

## IV. PLAINTIFF FAILS TO SUFFICIENTLY PLEAD HIS FEDERAL CLAIMS

In addition to the dictates of Rule 8, a plaintiff cannot "plead facts that are merely consistent with a defendant's liability," as "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (internal citations omitted); *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (when evaluating the merit of a Rule 12(b)(6) Motion to Dismiss, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."). "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but… contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

These settled pleading rules also apply to "Municipal Liability" claims like Plaintiff's claims here. *See*, *A.E. ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (noting that pleading standards announced in *Iqbal* and *Twombly* "appl[y] to *Monell* claims and should govern future pleadings in this case"); *see also*,

*Moore v. County of Orange*, 2017 WL 10518114, at *3 (C.D. Cal. 2017) (citing rule); *Wilkey v. County of Orange*, 2017 WL 11447980 (C.D. Cal. 2017) (dismissing *Monell* claim with prejudice where "custom and policy" allegations amounted to "rote recitation of the elements of a Monell claim for Section 1983 liability against a municipality . . . "); *Davis v. City of San Jose*, 2014 WL 2859189, at *13 (N.D. Cal. 2014) (granting Rule 12 motion to dismiss *Monell* claims as being "entirely conclusory" and "nothing more than a simple recitation of the elements of a *Monell* claim. As such, Plaintiff's allegations are not entitled to a presumption of truth.")

**A. <u>Plaintiff's Claims Nos. 1-4 Under the Fourth Amendment are Improper Against Defendant County of San Bernardino</u>**

It is well settled that a "municipality cannot...be held liable under § 1983 'solely because it employs a tortfeasor--or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory.'" *Herd v. County of San Bernardino*, 311 F. Supp. 3d 1157, 1166 (C.D. 2018) (quoting, *Monell*, *supra*, 436 U.S. at 691); *see*, *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403, (1997) ("We have consistently refused to hold municipalities liable under a theory of respondeat superior"; it is only when an explicit or tacit wrongful government "policy or custom" causes government employees to inflict an injury that a government entity may be liable under Section 1983); *Sincerny v. City of Walnut Creek*, 2017 WL 4642432, at *3 (N.D. Cal. 2017) ("'A government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights.'") (quoting *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011)). Additionally, only "'a longstanding practice or custom which constitutes the 'standard operating procedure' of the local government entity'" will support the imposition of municipal liability. *Herd*, *supra*, 311 F.Supp.3d at 1167 (quoting *Menotti v. City of Seattle*, 409 F.3d 1113, 1147 (9th Cir. 2005)).

To the extent that Plaintiff is attempting to impose municipal liability, such claims are already alleged in Plaintiff's Fifth Claim. As such, Plaintiff's First, Second, Third, and Fourth Causes of Actions must be dismissed as to Defendant County of San Bernardino. *See*, *Rodrigues v. County of Orange*, 2020 WL 3396619, at *3-4 (C.D. Cal. 2020) (granting Rule 12(b)(6) motion to dismiss "excessive force" claim against county where plaintiff failed to plead facts alleging a municipal policy, practice, or custom caused a constitutional violation).

**B. <u>Plaintiff's Claims Nos. 3-4 Fail to Set Forth Which Amendment the Claims are Proceeding Under & Section 1983 is Not a Source of Substantive Rights</u>**

Nowhere in Plaintiff's Third and Fourth Claims does Plaintiff assert which Amendment he is proceeding under. Section 1983 is not itself a source of substantive rights and as such as pled these causes of action appear duplicative of one another as they are both based on the claim that Plaintiff was falsely prosecuted and acquitted. Additionally, the facts Plaintiff provided are insufficient for these types of claims.

**1. <u>Fabrication of Evidence (Claim Three)</u>**

"To prevail on a § 1983 claim of deliberate fabrication, a plaintiff must prove that (1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty." *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017) (citations omitted).

Here, Plaintiff's allegations contained in paragraph 62 fail to satisfy the necessary elements as Plaintiff has failed to allege that Defendants fabricated evidence and instead the allegations amount to Defendants relying on witness statements as part of their investigation. However, the Ninth Circuit has found "no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim. . ." *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985); *see also Gini v. Las Vegas Metro. Police Dept.*, 40 F.3d 1041, 1045 (9th Cir. 1994)

(“The police have no affirmative obligation to investigate a crime in a particular way or to protect one citizen from another even when one citizen deprives the other of liberty [or] property.”). Similarly, although “[t]here is a clearly established due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government,” the First Amended Complaint does not allege sufficient well-pleaded facts to plausibly allege that Defendants fabricated evidence. *Devereaux v. Abbey*, 263 F.3d 1070, 1074-75 (9th Cir. 2001)

As such, this claim must be dismissed against Defendants.

**2. Malicious Prosecution (Claim Four)**

A Plaintiff pleading malicious prosecution in California “must plead and prove that the prior proceeding commenced by or at the direction of the malicious prosecution defendant, was: (1) pursued to a legal termination favorable to the plaintiff; (2) brought without probable cause; and (3) initiated with malice; and (4) Plaintiff suffered damages as a result. With respect to the element of favorable termination, this element requires a termination reflecting the merits of the action and plaintiff's innocence of the misconduct.” *See*, *Womack v. County of Amador*, 551 F.Supp.2d 1017, 1031 (E.D. Cal. 2008). Malice means “actuated by a wrongful motive, i.e., the party must have had in mind some evil or sinister purpose.” *See*, *Ayala v. KC Environmental Health*, 426 F.Supp.2d 1070, 1091 (E.D. Cal. 2006).

Here, Plaintiff’s allegations fail as Plaintiff has failed to sufficiently allege that any alleged malicious prosecution was initiated with malice as Plaintiff’s allegations do not include any wrongful motive on behalf of the Defendants. As such, for the foregoing reasons, this claim must be dismissed against Defendants.

## V. PLAINTIFF’S FIFTH CLAIM FOR MONELL LIABILITY UNDER SECTION 1983 IS INSUFFICIENTLY PLED

Plaintiff asserts a claim for *Monell* liability that is insufficiently pled and consists of vague and conclusory allegations, only supported by the case at bar, which

established law holds insufficient to support a *Monell* claim.

A plaintiff wishing to assert a claim against a municipal defendant such as the County of San Bernardino must prove "(1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind his constitutional violation." *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1992). However, Plaintiff's Fifth Claim provides wholly conclusory allegations, devoid of sufficient facts showing a particular policy, practice, or custom of the County of San Bernardino caused his alleged constitutional violations.

**A. Practice/Policy/Custom**

Plaintiff's fifth claim for unconstitutional custom or policy is insufficiently pled. Plaintiff's allegations concerning an unconstitutional custom or policy are vague and conclusory. Plaintiff fails to allege a specific policy that was the moving force of a constitutional violation. Plaintiff lists a plethora of vague policies in ¶ 76, however, Plaintiff's claim should be dismissed because a specific policy is not alleged to be facially invalid nor has Plaintiff alleged any same or similar incidents to put Defendant on notice that their policies, practices or customs were inadequate.

Even under the liberal pleading standards established by *Iqbal* and *Twombly*, Plaintiff's conclusory allegations fail. Plaintiff does not allege any facts showing that any of the battery of claimed "policies" or "customs" actually exist. *See*, *Herd v. County of San Bernardino*, 311 F. Supp. 3d 1157, 1168 (C.D. 2018) (*Monell* claim based on "policy and custom" dismissed where Plaintiffs "fail[ed] to allege any facts showing that any of [the] claimed policies or customs actually exist."); *Johnson v. Baca*, 2013 WL 12131358, at *13 (C.D. Cal. 2013) (dismissing *Monell* claim where the complaint failed "to allege any facts showing the existence of this custom or practice" and did not "allege the substance of the County Defendants' current policy

or explain why it is inadequate"); *Smith v. Stanislaus*, 2012 U.S. Dist. LEXIS 9288, *10 (E.D. Cal. 2012) ("[T]o sufficiently state a claim under *Monell*, Plaintiff must allege facts establishing a policy, it is not enough simply to state that there is a policy.").

Nor does Plaintiff allege sufficient facts demonstrating a particular "policy or custom" amounted to "deliberate indifference" that caused an alleged constitutional violation. *See*, *Herd*, 311 F. Supp. at 1168 ("Merely alleging that 'Defendants acted with deliberate indifference' is conclusory and does not show that the alleged deficiencies were 'obvious and the constitutional injury was likely to occur.'") (internal citation omitted)(emphasis added); *see also*, *Maldonado v. County of Orange*, 2019 WL 6139937, at *2 (C. D. Cal. 2019) (dismissing *Monell* claim based on "policy and custom" where "[t]he Complaint contains only sweeping allegations that the County's policies and practices generally empower excessive force, but 'Plaintiff[] fail[s] to allege any facts showing that any of these claimed policies or customs actually exist,' much less how they caused the specific use of force at issue here."); *Rendon v. County of Orange*, 2019 WL 4284521, at *2 (C.D. Cal. 2019) (*Monell* claim dismissed because "Plaintiff's sole, conclusory allegations of policies or practices that encompass all of Defendants' alleged misconduct is insufficient to state a claim for municipal liability under § 1983."); *Moore*, 2017 WL 10518114, at *3-4 (*Monell* claim dismissed: "Moore's Complaint falls short of the requirements for pleading a *Monell* claim. Rather than include specific factual allegations, paragraph 57 of Moore's Complaint sets forth a speculative list of various customs, policies, and practices that allegedly violated her Fourth Amendment and Fourteenth Amendment rights . . . Moore's list contains 'no allegations of underlying facts.' [Citation]. Therefore, Moore has failed to meet the *Monell* pleading standard.")

Additionally, it is well settled that allegations regarding an isolated incident are insufficient to support Plaintiff's purported "policy and custom" claim. *See*,

*Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443 (9th Cir. 1989), overruled on other grounds by *Bull v. City & County of San Francisco*, 595 F.3d 964, 981 (9th Cir. 2010) ("[P]roof of random acts or isolated events are insufficient to establish custom."); *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy.")

Indeed, municipal liability claims must be supported by a record of numerous, similar incidents. *Sloman v. City of Simi Valley*, 21 F.3d 1462, 1470 (9th Cir. 1994) ("Individual action like [the defendant officer's] does not rise to the level of the 'well-settled', 'widespread' practices contemplated in the cases discussing municipal liability"; jury verdict against city defendant for one employee officer's "habitual" conduct overturned as error); *Meehan v. Los Angeles County*, 856 F.2d 102 (9th Cir. 1988) (two incidents not sufficient to establish actionable *Monell* custom); *Davis v. Ellensburg*, 869 F.2d 1230 (9th Cir. 1989) (manner of one arrest insufficient to establish wrongful *Monell* policy); *Davis*, 2014 WL 2859189, at *10 (dismissing *Monell* claims and noting plaintiffs allegations contained "no facts . . . concerning a pattern of repeated violations that would give the City fair notice to enable it to defend itself properly. [Citation].")(emphasis in original); *A. B.*, *supra*, 2019 WL 1578380, at *4 ("In the FAC, Plaintiffs allege that Defendants were acting pursuant to customs, policies, usages and practices of COUNTY OF SAN BERNARDINO, that Defendants violated Plaintiffs' rights as a result of those policies, and that Plaintiffs were injured as a result. [Citation] However, Plaintiffs do not allege any specific facts showing that Defendants had an ongoing policy or practice that resulted in **<u>widespread violations</u>** of constitutional rights" (emphasis added) nor have Plaintiffs pointed to any other instances that would support their custom and practices claims, other than Plaintiffs' own claims.).

Here, Plaintiff has only pled vague allegations of policies, practices or customs as pled in paragraphs 76 and 78. Because Plaintiff has not alleged a specific unconstitutional policy, nor more than this isolated alleged incident, Plaintiff has not sufficiently alleged an unconstitutional policy or custom pursuant to *Monell*. As such, Plaintiff's failed to sufficiently plead a policy, practice, or custom claim.

**B. Failure to Train**

Failure to train may constitute a basis for *Monell* liability only where the failure amounts to "deliberate indifference." *City of Canton v. Harris*, 489 U.S. 378, 387 (1989). "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thomspon*, 563 U.S. 51, 61 (2011) (citation omitted). Widespread systemic failures are required. "[T]hat a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program." *City of Canton*, 489 U.S. at 390-91 (citations omitted); *see*, *Benavidez v. Cty. of San Diego*, 993 F.3d 1134, 1153 (9th Cir. 2021)(dismissing "failure to train" claim which is only supported "with a single incident."); *Blankenhorn v. City of Orange*, 485 F.3d 463, 484-485 (9th Cir. 2007)(one incident of "inadequate training" insufficient to establish Monell "custom").

"A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Connick*, 563 U.S. at 62; *see also*, *Hyde v. City of Willcox*, 23 F.4th 863, 874-75 (9th Cir. 2022) (holding that "[w]hile deliberate indifference can be inferred from a single incident when the unconstitutional consequences of failing to train are patently obvious, an inadequate training policy itself cannot be inferred from a single incident.") (quotation marks and citation omitted); *Flores v. County of Los Angeles*, 758 F.3d 1154, 1159-60 (9th Cir. 2014) (holding that, absent pattern of sexual assaults

by deputies, alleged failure to train officers not to commit sexual assault did not constitute deliberate indifference); *Marsh v. County of San Diego*, 680 F.3d 1148, 1159 (9th Cir. 2012) (holding that practice must be "widespread" and proof of single inadequately-trained employee was insufficient); *Doughtery v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) ("Mere negligence in training or supervision . . . does not give rise to a *Monell* claim.").

Plaintiff asserts nothing more than conclusory allegations that the County failed to properly train unnamed deputies with regard to use of force, establishing probable cause before seeking an arrest warrant, obligation to consider exculpatory evidence, and relying on unreliable evidence that caused the deprivation of his rights. (FAC ¶ 80). Plaintiff has not pled a pattern of similar constitutional violations by untrained employees that constitutes a pattern that is "widespread," instead merely relying on general statements. This is not enough. *See*, *Herd*, supra, 311 F.Supp.3d at 1168-1169 (dismissing "failure to train" claim where plaintiffs provided "no facts regarding the training the officers received" and did "not explain why the training was inadequate); *Brown v. Cty. of San Bernardino*, 2021 WL 99722, at *6 (C.D. Cal. 2021) ("Plaintiff provides few if any facts explaining why that training was inadequate, nor does she sufficiently support her conclusory assertion that the…County acted with deliberate indifference."); *Maldonado*, 2019 WL 6139937, at*2 (dismissing "failure to train" claim where "Plaintiff's conclusory allegations regarding the County's allegedly insufficient training are bereft of any factual support.").

As such, Plaintiff has also failed to sufficiently plead a training claim.

**C. Ratification**

The Ninth Circuit states that ratification liability may attach only when a final policymaker ratifies a subordinate's unconstitutional action and the basis for it. *Christie v. Lopa*, 176 F.3d 1231, 1239 (9th Cir. 1999) (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988)). This occurs only when the official

policymaker involved has adopted and expressly approved of the acts of others who caused the constitutional violation. *Trevino v. Gates*, 99 F.3d 911, 920 (9th Cir. 1996). There must be evidence that the policymaker "made a deliberate choice to endorse" the subordinate employee's actions. *Gillette v. Delmore*, 979 F.2d 1342, 1348 (9th Cir. 1992). It is axiomatic that the allegations of a complaint must set forth ***facts*** from which the Court (and Defendants) might plausibly infer that ratification occurred. *See*, Fed. R. Civ. P. 8, 12(b)(6). Additionally, facts must be alleged about what official policymaker(s) involved adopted or otherwise approved of the acts that cause Plaintiff's constitutional rights to be impaired.

Ratification generally requires more than acquiescence. *Sheehan v. City & County of San Francisco*, 741 F.3d 1211, 1231 (9th Cir. 2014), *rev'd on other grounds*, 135 S.Ct. 1765 (2015). A mere failure to overrule a subordinate's actions, without more, is insufficient to support a § 1983 ratification claim. *Christie v. Lopa*, 176 F.3d 1231, 1239 (9th Cir. 1999); *see also*, *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1253-1254 (9th Cir. 2010) (holding that failure to discipline employees, without more, was insufficient to establish ratification) (overruled on other grounds in *Castro v. County of Los Angeles*, 833 F.3d 1030, 1070 (9th Cir. 2016) (*en banc*); *Lassiter v. City of Bremerton*, 556 F.3d 1049, 1055 (9th Cir. 2009) ("A single decision by a municipal policymaker 'may be sufficient to trigger Section 1983 liability under Monell, even though the decision is not intended to govern future situations,' but the plaintiff must show that the triggering decision was the product of a 'conscious, affirmative choice' to ratify the conduct in question.") (citation omitted); *Lytle v. Carl*, 382 F.3d 978, 987-988 (9th Cir. 2004) ("[R]atification requires both knowledge of the alleged constitutional violation, and proof that the policymaker specifically approved of the subordinate's act."). "A mere failure to overrule a subordinate's actions, without more, is insufficient to support a § 1983 claim." *Dasovich v. Contra Costa Cty. Sheriff Dep't*, 2014 WL 4652118, at *6 (N.D. Cal.

2014).

Here, Plaintiff fails to sufficiently identify who the policy maker at issue is for the County let alone facts as to what conduct constituted the alleged ratification. Consistent with the law set forth above, these conclusory, "threadbare facts" are insufficient to state a claim of ratification. *See*, *Dasovich*, 2014 WL 4652118, at *6 ("Plaintiff's FAC contains no such allegations of affirmative action by Sheriff Livingston; instead, he alleges only that the Sheriff ratified Deputy Allen's conduct 'when he was aware of' it. [Citation omitted]. Such threadbare facts do not contain sufficient allegations of underlying facts to give fair notice and to enable Defendants to defend themselves effectively.") (emphasis added); *Hill v. Fairfield Police Dep't.*, 2016 WL 2602411, at *3 (E.D. Cal. May 5, 2016) ("[T]he Ninth Circuit 'appears to require something more than a failure to reprimand to establish a municipal policy or ratification.' [Citations omitted.] Vague and conclusory allegations of official participation in § 1983 violations are not sufficient to withstand a motion to dismiss."); *Peterson v. City of Fort Worth*, 588 F.3d 838, 848 (5th Cir. 2009) ("[O]ur precedent has limited the theory of ratification to 'extreme factual situations.'").

As with the other *Monell* theories, Plaintiff has failed to sufficiently plead a ratification claim.

## VI. PLAINTIFF'S STATE LAW CLAIMS FAIL TO COMPLY WITH THE CALIFORNIA TORT CLAIM ACT

Plaintiff asserts that he timely submitted a claim to the County of San Bernardino and that the claim was rejected "or deemed rejected." (FAC ¶¶ 24-27). However, Plaintiff fails to provide any specific details about his claim, such as the date it was submitted and the date it was rejected.

Additionally, per Government Code section 945.3, "[n]othing in this section shall prohibit the filing of a claim with the board of a public entity, and this section shall not extend the time within which a claim is required to be presented pursuant to

Section 911.2."; *see also*, *Butler v. Los Angeles County*, 617 F.Supp.2d 994, 1002 (C.D. Cal. 2008) ("Here, plaintiffs' state law claims accrued on June 6, 2006. Plaintiffs had six months from that day, or until December 6, 2006, to present a timely claim to the County. Plaintiffs did not present their claim to the County until August 23, 2007. Accordingly, plaintiffs were not entitled to statutory tolling and their state law claims fail to meet the claim presentation requirement of the CTCA. See Cal. Gov't Code § 911.2.")

Compliance with the tort claim presentation requirements is a condition precedent to suit and the failure to comply bars suit for money damages. Cal. Gov. Code § 945.4; *see e.g.*, *DiCampli-Mintz v. County of Santa Clara*, 55 Cal.4th 983, 991 (2012). The requirements are mandatory and strict compliance is required. *Wood v. Riverside Gen. Hosp.*, 25, Cal. App 4th 1113, 1119 (1994). Further, these requirements apply equally where state law claims are brought in federal court. *See*, *Karhim-Panahi v. LA Police Dept.*, 839. F.2d 621, 627 (9th Cir. 1988).

It is well established that it is Plaintiff's burden to comply with the Tort Claims Act to maintain his state law claims. He has not done so here. *Imel v. County of El Dorado*, 2010 WL 2606493 (E.D. Cal. 2010) ("a plaintiff has the burden of pleading compliance with the California Tort Claims Act in the complaint."); *Aguilar v. Cnty. of Riverside*, 2014 WL 1795204 at * 1 (C.D. Cal. 2014) citing *Mangold v. Calif. Pub. Utils. Comm'n, 67 F.3d 1470,1477 (9th Cir.1995)* ("Where compliance with the California Tort Claims Act is required, the plaintiff has the burden of pleading and proving compliance with the California Government Claims Act.")

Based on the foregoing, Plaintiff has failed to meet this burden. Accordingly, all state-law claims should be dismissed.

## VII. PLAINTIFF FAILS TO STATE A BASIS OF LIABILITY AGAINST THE COUNTY OF SAN BERNARDINO FOR THE STATE LAW CLAIMS ASSERTED AGAINST IT

Under California law, public entity liability is strictly statutory. Gov. Code § 815. And the 1963 California Tort Claims Act generally re-affirmed the state's long-standing sovereign immunity rule and abolished all common law theories of recovery against governmental defendants in favor of a statutory framework. *See,* 5 *Witkin, Summary of California Law, Torts*, §132, p. 213 (9th ed. 1988); Gov. Code § 815 ("Except as otherwise provided by statute… [a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person."); *Allyson v. Department of Transportation*, 53 Cal.App.4th 1304, 1313 (1997)(After 1963, "there is no question but that government tort liability is wholly statutory."); *Cochran v. Herzog Engraving Co.*, 155 Cal.App.3d 405 (1984) ("In California, all government tort liability must be based on statute."). "[B]ecause under the Tort Claims Act all governmental liability is based on statute, the general rule that statutory causes of action ***must be pleaded with particularity*** is applicable." *Lopez v. Southern Cal. Rapid Transit Dist.,* 40 Cal.3d 780, 795 (1985)(emphasis added); *see, Brenner v. City of El Cajon,* 113 Cal.App.4th 434, 439 (2003)("The limited and statutory nature of governmental liability mandates that claims against public entities be specifically pleaded.") To satisfy the specific pleading requirement, "every fact material to the existence of [the government Defendant's] statutory liability must be pleaded with particularity." *Peter W. v. San Francisco Unified School Dist.*, 60 Cal.App.3d 819 (1975).

Thus, at the outset, a governmental tort plaintiff must plead detailed facts showing that a municipal defendant owed him, her or it a statutory duty of care. *See, Lopez v. Southern Cal. Rapid Transit Dist.,* supra*,* 40 Cal.3d at 795 ("[T]he requirement of specific pleading [applies] with respect to the existence of a duty of care.") In order to satisfy this requirement, a governmental tort plaintiff, must plead the statute on which they predicate liability in their operative Complaint. *See, Sullivan v. City of Sacramento*, 190 Cal.App.3d 1070, 1080 (1987); *Searcy v. Hemet Unified*

*School Dist.*, 177 Cal.App.3d 792, 802 (1986).

"Only by so doing may the public entity be advised of the factual and legal basis of the claim against it." *Lehto v. City of Oxnard*, 171 Cal. App. 3d 285, 292-293 (1985). Moreover, the requirement that plaintiffs plead the statutory basis for their claim permits the Court to determine whether the statute in issue is truly actionable against public entities. *See*, *Sullivan v. City of Sacramento*, 190 Cal.App.3d 1070, 1080 (1987)("Unless the applicable enactment is alleged in specific terms, a court cannot determine whether the enactment relied upon was intended to impose an obligatory duty to take official action to prevent foreseeable injuries or whether it was merely advisory in character."); *see also, Munoz v. City of Union City,* 120 Cal. App. 4th 1077, 1111-1112 (2004) ("Civil Code § 1714 imposes a general duty of care on all persons but, . . .§ 1714 is an insufficient statutory basis for imposing direct liability on public agencies."); *Trinkle v. California State Lottery*, 84 Cal.Rptr.2d 496, 498 (1999)("Nowhere in the Unfair Competition Act (*Bus. & Prof. Code* § 17200, *et. seq*.) is there a provision imposing governmental liability for violations of the act. Because there is no statute making public entities liable under the UCA, the general rule of governmental immunity must prevail."); *Aguilar v. Corral*, 2007 WL 2947557, at *5, n. 4 (E.D.Cal. 2007)("Intentional infliction of emotional distress is a common law tort from which public entities enjoy immunity."); *People ex rel. Freitas v. City and County of San Francisco*, 92 Cal.App.3d 913, 920 (1979)("The Cartwright Act defines [suable] 'persons' to include 'corporations, firms, partnerships and associations.' (*Bus. & Prof.Code*, § 16702.) It is apparent that this definition does not include cities."); *United Motors International, Inc. v. Hartwick*, 2017 WL 888304, at *12 (C.D.Cal. 2017)("While the California Penal Code categorizes attempted extortion as a punishable offense*, see* Cal. Pen. Code § 519, this Court is aware of no civil equivalent under California law. As such, this Court finds that Plaintiffs' [civil] extortion claim is inadequately pleaded against Defendant Vazquez.").

Here, Plaintiff's sixth, seventh, eighth, and ninth causes of action fail to set forth ***any*** statutory basis for which the County can be held liable.

## VIII. PLAINTIFF'S REQUEST FOR INJUCTIVE RELIEF MUST BE STRICKEN

To seek injunctive relief, Plaintiff must establish that there is a "real and immediate threat" of injury to him. *City of Los Angeles v. Lyons*, 461 U.S. 95. 101-103 (1983). Specifically, "[t]o demonstrate irreparable injury as to [his] injury, here Plaintiff[] must demonstrate a likelihood, not a mere possibility of future irreparable injury of the same character." *Downes-Covington v. Las Vegas Metro Police Dep't*, 2020 U.S. Dist. Lexis 240339 at *35 (D. Nev. 2020). Further, courts agree that allegations of "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present, adverse effects." *Id.*; *see*, *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1978) (holding the case to be nonjusticiable because plaintiffs could not demonstrate likelihood of future injury and the threat of future injury was speculative); *Apilado v. N. Am. Gay Amateur Athletic Alliance*, 792 F.Supp.2d 1151, 1164–65 (W.D. Wash. 2011) ("A single incident is insufficient to establish a likelihood of future injury under Ninth Circuit law."); *Munns v. Kerry*, 782 F.3d 402, 408 (9th Cir. 2015) ("because the plaintiffs cannot show they are likely to be harmed by these alleged policies in the future, we do not have authority in this case to determine the legality or constitutionality of the policies or to enjoin their implementation."); *Mayfield v. United States*, 599 F.3d 964, 970 (9th Cir. 2010) ("Past exposure to harmful or illegal conduct does not necessarily confer standing to seek injunctive relief if the plaintiff does not continue to suffer adverse effects. Nor does speculation or 'subjective apprehension' about future harm support standing.").

Plaintiff pleads no allegations that demonstrate more than a mere possibility of future injury of the same type. Plaintiff instead focuses on past harm and not towards

the future which a claim for injunctive relief requires.

Here, on page 18 of the FAC, Plaintiff seeks "[i]njunctive relief requiring Defendants to implement policies, training, and supervision sufficient to prevent similar constitutional violations." However, Plaintiff's request is vulnerable to being stricken as it is immaterial given that Plaintiff failed to show a real and immediate threat of future injury. Further, Plaintiff has failed to show that he is entitled to this particular breadth of injunctive relief. As such, Plaintiff's request for injunctive relief must be stricken.

## IX. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant their Motion as prayed and dismiss all claims against County of San Bernardino.

DATED: August 31, 2026

**LYNBERG & WATKINS**
A Professional Corporation

By: */s/ Shannon L. Gustafson*
**SHANNON L. GUSTAFSON**
**EDWARD J. SOUTHCOTT**
**MARK MENESES**
Attorneys for Defendant
COUNTY OF SAN BERNARDINO

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for the COUNTY OF SAN BERNARDINO certifies that this brief contains 6,349 words, which:

☐ complies with the word limit of L.R. 11-6.1.

√ complies with the page limit set by this Court's Standing Order p. 5.

DATED: August 31, 2026

**LYNBERG & WATKINS**
A Professional Corporation

By: */s/ Shannon L. Gustafson*
**SHANNON L. GUSTAFSON**
**EDWARD J. SOUTHCOTT**
**MARK MENESES**
Attorneys for Defendant
COUNTY OF SAN BERNARDINO